**TROUTMAN SANDERS LLP**
Jessica R. Lohr, (Bar No. 302348)
Jessica.lohr@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone:  858-509-6000
Facsimile:  858-509-6040

John C. Lynch (*pro hac vice* to be filed)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail: john.lynch@troutmansanders.com

Ethan G. Ostroff (*pro hac vice* to be filed)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARES and JOANN MARES, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>             Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2       PLEASE TAKE NOTICE THAT DEFENDANT OCWEN LOAN

3   SERVICING, LLC ("Ocwen") hereby removes this action from Superior Court of

4   the State of California for the County of Los Angeles, to the United States District

5   Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441,

6   and 1446.

7       As set forth below, this Action is removed properly to this Court, because

8   Ocwen has complied with the statutory requirements for removal under 28 U.S.C.

9   §§ 1332, 1441 and 1446.  As set forth below, this Court has jurisdiction over this

10  action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119

11  Stat. 14 ("CAFA") because Plaintiffs' Complaint could have been originally filed in

12  this Court pursuant to 28 U.S.C. § 1332(d).

13                  **I.    Background**

14      1.    On March 18, 2016, Plaintiffs Frank Mares and Joann Mares

15  (collectively, "Plaintiffs") filed a Complaint against Defendant Ocwen Loan

16  Servicing, LLC ("Ocwen") in the Superior Court for the State of California, County

17  of Los Angeles (the "Action").

18      2.    In their first cause of action, Plaintiffs, on their own behalf and on

19  behalf of the proposed class, purport to allege claims for violation of the California

20  Consumer Credit Reporting Agencies Act (the "CCRAA"), Cal. Civ. Code §§

21  1785.19.

22      3.    Plaintiffs allege that they filed for bankruptcy in 2008, and that the

23  mortgage debt was thereafter discharged by court order. (Compl. ¶ 2.)  Plaintiffs

24  allege that they retained the residence as security for the debt and continued to

25  make voluntary payments on the mortgage after entry of the discharge.  (*Id.*)

26  However, Plaintiffs allege "discharge foreclosed the mortgagees from collecting

27  any debt on the mortgage." (*Id.*)

28  ///

1    4.    In March 2013, Plaintiff alleges that Ocwen began servicing the
2  mortgage that secured the debt on Plaintiffs' residence. (*Id.* at ¶ 3.) Ocwen then
3  allegedly obtained credit reports on Plaintiffs, including in April 2014. (*Id.*)
4  Plaintiffs contend that this conduct violates the CCRAA on the theory that there
5  was no permissible purpose for obtaining their credit reports. (*Id.*)

6    5.    Plaintiffs allege that Ocwen similarly violated the CCRAA with
7  respect to a putative class of California borrowers whose debt on a mortgage
8  serviced by Ocwen was discharged in bankruptcy, and where Ocwen acquired their
9  credit report in connection with such a mortgage after the entry of the discharge.
10  (*Id.* at ¶ 5.)

11    6.    On the basis of these allegations, Plaintiffs seek to represent a class of:
12  "All natural persons who are California citizens at the time this Complaint is filed
13  (a) who owed a debt secured by a mortgage serviced by Ocwen, which debt Ocwen
14  has reported as discharged in bankruptcy and which actually was discharged in
15  bankruptcy; (b) whose consumer credit report Ocwen obtained after such discharge
16  and within two (2) years of the date of this Complaint; and (c) Ocwen only serviced
17  a debt or mortgage that was included in such discharge." (*Id.* at ¶ 15.)

18    7.    Based on the alleged claims, Plaintiffs, on their own behalves and on
19  behalf of the proposed class: (1) "seek a civil penalty for every violation of Cal.
20  Civil Code § 1785.19 alleged herein," which penalty is up to $2,500 for each
21  violation; (2) injunctive relief under Cal. Civil Code § 1785.31(b); and (3) costs and
22  attorney's fees. (*Id.* at ¶¶ 5, 30-31.)

23    8.    Additionally, Plaintiffs assert a second cause of action for an alleged
24  violation of Cal. Civil Code § 1785.25(a). (*Id.* at ¶¶ 32-36.) "Plaintiffs, on their
25  own behalf and on behalf of the other Class members, seek" to recover: (1) up to
26  $5,000 in punitive damages "for each violation" of Cal. Civil Code § 1785.25(a);
27  (2) "actual damages, including … loss of wages, … and, when applicable, pain and

28

1  suffering"; (3) injunctive relief under Cal. Civil Code § 1785.31(b); and (4) costs

2  and attorney's fees.  (*Id.* at ¶ 36.)[1]

3      9.    This action is removed to federal court pursuant to 28 U.S.C. § 1441

4  because this is a putative class action over which the Court has original jurisdiction

5  pursuant to CAFA.

6              **II.    Compliance With Statutory Requirements**

7      10.   In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the

8  Summons and Complaint, are collectively attached hereto as **Exhibit A**.

9      11.   Upon information and belief, no other process, pleadings, or orders,

10  including the Complaints, have been served upon Ocwen in these Actions.

11      12.   Ocwen was served with the Complaint on April 1, 2016.  (*See* Ex. A.)

12  Ocwen's removal is timely, because it is within thirty (30) days of service of the

13  Complaint, as required by 28 U.S.C. § 1446(b).

14      13.   Plaintiffs filed this action in the Superior Court for the State of

15  California, County of Los Angeles, (*see* Ex. A), which is located within the Central

16  District of California.  Therefore, this action may be removed to this Court, because

17  it is the "district and division embracing the place where [the Action is] pending."

18  *See* 28 U.S.C. § 1441(a).

19      14.   In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice

20  of Filing of Notice of Removal is being filed contemporaneously with the Clerk of

21  the Superior Court for the State of California, County of Los Angeles.

22

23  _____

24  [1] It is unclear whether Plaintiffs are pursuing their second cause of action on behalf of a purported class, or just on an individual basis.  While paragraph 36 of the

25  Complaint makes explicit reference to this claim being pursued on behalf of a class, Plaintiff only includes "class certification allegations" and "class allegations" with

26  respect to their first cause of action. (*Compare* Complaint ¶ 36 *with* ¶¶15-25.) For

27  purposes of calculating the amount in controversy under CAFA, Defendant assumes in this Notice of Removal that the second cause of action contains only

28  individual claims by Plaintiffs.

15.   In accordance with 28 U.S.C. § 1446(d), Ocwen is also contemporaneously serving this Notice of Removal on all adverse parties.

### III.   CAFA Jurisdiction

16.   This Court has original subject matter jurisdiction over this Action pursuant to CAFA, 28 U.S.C. § 1332(d).

17.   Under 28 U.S.C. § 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs," 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

18.   Plaintiffs purport to bring a class action that meets each of these jurisdiction requirements under 28 U.S.C. § 1332(d).   As demonstrated in more detail below, (1) the citizenship of Plaintiffs is diverse from that of Ocwen; (2) the number of members of the proposed plaintiff class exceeds 100 people; and (3) the matter in controversy, in the aggregate, well exceeds the sum of $5,000,000.00, exclusive of interest and costs.

### A.   Diversity of Citizenship Exists as Required by CAFA

19.   There is diversity of citizenship between Plaintiffs and Ocwen.

20.   Plaintiffs are both residents of Riverside, California.   (Compl. ¶ 6.) Plaintiffs have not alleged any alternative state or residence or intent to stay indefinitely in another state. According, Plaintiffs are domiciled in California and therefore are citizens of California. *See, e.g., Aqua Connect, Inc. v. Code Rebel LLC*, 2011 U.S. Dist. LEXIS 124086, *9 n.2 (C.D. Cal. Oct. 25, 2011); *Lew v. Moss*, 797 F. 2d. 747, 750 (9th Cir. 1986).

21.   In addition, Plaintiffs allege that they seek to represent a class of "[a]ll natural persons who are California citizens." (Compl. at ¶ 15.)

22.    Ocwen is a limited liability company organized under the laws of the State of Delaware and having a principal place of business in the State of Florida. (Declaration of Kevin Flannigan ("Flannigan Decl.") ¶ 3, attached hereto as **Exhibit B**.)  For purposes of CAFA, an unincorporated association is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. ¶ 1332(d)(10); *Rolling v. E\*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1184-1185 (N.D. Cal. 2010). Therefore, under CAFA, Ocwen is a citizen of Delaware and Florida.

23.    Because Plaintiffs are both citizens of California and Ocwen is a citizen of Delaware and Florida, at least one class member and one defendant are diverse from one another as required by CAFA.

**B.    The Class Consists of Over 100 Class Members**

24.    As discussed above, Plaintiffs allege and seek to represent a class of: "All natural persons who are California citizens at the time this Complaint is filed (a) who owed a debt secured by a mortgage serviced by Ocwen, which debt Ocwen has reported as discharged in bankruptcy and which actually was discharged in bankruptcy; (b) whose consumer credit report Ocwen obtained after such discharge and within two (2) years of the date of this Complaint; and (c) Ocwen only serviced a debt or mortgage that was included in such discharge." (Compl. ¶ 15.)

25.    Although Ocwen concedes no liability on Plaintiffs' claims, does not concede the propriety or breadth of the class as alleged by Plaintiffs, and denies that any class could be certified pursuant to Fed. R. Civ. P. 23 or on any other basis, assuming the allegations in the Complaint are true, which Ocwen does solely for the limited purpose of removal, the number of members of the proposed plaintiff class significantly exceeds 100 members.  Within two years prior to the filing of this Complaint, or from March 18, 2014, through March 18, 2016, Ocwen serviced over 2500 mortgage loans in California involving more than 1000 different borrowers who are located in and citizens of California, which mortgage loans

1   Ocwen has reported as discharged in bankruptcy, which actually were discharged in

2   bankruptcy, whose consumer credit report Ocwen obtained after such discharge and

3   within two (2) years of the date of this Complaint, and where Ocwen only serviced

4   a debt or mortgage that was included in such discharge.  (Flannigan Decl. ¶ 6.)

5      26.    Accordingly, the numerosity requirement under CAFA pursuant to 28

6   U.S.C. § 1332(d)(5)(B) is satisfied because the number of proposed class members

7   as defined by Plaintiffs well exceeds 100.

8   **C.   The Amount in Controversy Exceeds $5,000,000**

9      27.    Although Ocwen concedes no liability on Plaintiffs' claims, and does

10  not concede the propriety or breadth of the class as alleged by Plaintiffs, assuming

11  the allegations in the Complaint are true, the amount-in-controversy requirement

12  under CAFA pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6) is satisfied – *i.e.*,

13  the aggregated "claims of the individual class members . . . exceeds the sum or

14  value of $5,000,000.00, exclusive of interest and costs."

15     28.    Even where a plaintiff has pled an amount in controversy less than

16  $5,000,000, to establish that the amount in controversy exceeds the jurisdictional

17  limit on removal under 28 U.S.C. § 1332(d), the removing party must only establish

18  that the amount in controversy exceeds the jurisdictional threshold by a

19  "preponderance of the evidence."  *Rodriguez v. AT&T Mobility Servs. LLC*, 728

20  F.3d 975, 977 (9th Cir. 2013) (overruling *Lowdermilk v. U.S. Bank Nat'l Assoc.*,

21  479 F.3d 994, 999 (9th Cir. 2007)).  A plaintiff seeking to represent a putative class

22  cannot evade federal jurisdiction by stipulating that the amount in controversy falls

23  below the jurisdictional minimum.  *Id.* at 981 (citing *Standard Fire Ins. Co. v.

24  Knowles*, 133 S. Ct. 1345, 1350 (2013).

25     29.    Plaintiffs' demand for statutory penalties, punitive damages, actual

26  damages, and attorneys' fees should be considered by the Court in determining the

27  amount in controversy.

28  ///

30.     Based on the alleged claims in the first cause of action, Plaintiffs, on their own behalves and on behalf of the proposed class, (1) "seek a civil penalty for every violation of Cal. Civil Code § 1785.19 alleged herein," which penalty is up to $2,500 for each violation; (2) injunctive relief under Cal. Civil Code § 1785.31(b); and (3) costs and attorney's fees.  (Compl. ¶¶ 5, 30-31.)

31.     Plaintiffs' allegations attempting to recover just statutory penalties place in controversy a sum greater than $5,000,000, exclusive of interest and costs. Plaintiffs seek up to $2,500 in statutory penalties under Cal. Civil Code § 1785.19(a)(1)–(2) for each violation of Cal. Civil Code § 1785.19, including but not limited to each time a credit report was pulled in the circumstances described above.   As noted, Ocwen's records reflect that, from March 18, 2014, through March 18, 2016, there are over 2500 instances where Ocwen obtained a consumer credit report after a bankruptcy discharge involving a borrower who is located in and is a citizen of California. (Flannigan Decl. ¶ 6.)   Assuming the allegations in the Complaint is true, which Ocwen does solely for the limited purpose of removal, Plaintiffs and each class member seek to recover the maximum $2,500 civil penalty "for each violation" of Cal. Civil Code § 1785.25(a),[2] therefore the amount in controversy would be at least $6,250,000.00, which exceeds the CAFA threshold of $5 million. (Compl. ¶ 36; Flannigan Decl. ¶¶ 6-7.)

32.     Plaintiffs also seek up to $5,000 in punitive damages for each of the two alleged violation of Cal. Civil Code § 1785.25(a). (Compl. ¶ 36.)

///

///

---

[2] Ocwen contends Plaintiffs are not entitled to recover the damages they seek, but the question at issue here is not whether Plaintiffs may be able to establish liability or prove damages, but whether the amount in controversy exceeds the jurisdictional threshold. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)( "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

33.     The above figures also do not include attorneys' fees, which Plaintiffs also seek on both causes of action.  Because the fees sought are authorized by statute, an estimate of attorneys' fees may be considered and aggregated to determine the amount in controversy.  *Lowdermilk*, 479 F.3d at 1000, overruled on other grounds as recognized by *Rodriguez*, 728 F.3d at 976–77 ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); Cal. Civ. Code § 1785.31(d) (prevailing party in CCRAA action entitled to court costs and attorneys' fees).  "It is well established that the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 U.S. Dist. LEXIS 2576, at *11-13 n.2 (C.D. Cal. Jan. 7, 2016) ("When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate.") (citing *Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 U.S. Dist. LEXIS 12871, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) ("[T]he Court notes that Plaintiff seeks attorney's fees, which are properly included in the amount in controversy at 25% of the potential damage award").

34.     When attorneys' fees of 25% are added onto the potential civil penalties of $6,250,000.00 and the claim for punitive damages of $10,000.00, an additional $1,565,000.00 is added to the amount in controversy.

35.     Moreover, Plaintiffs seek actual damages, including loss of wages, as well as pain and suffering, in an amount to be proven at trial.  (Compl. ¶ 36.) Assuming the allegations in the Complaint are true, which Ocwen does solely for the limited purpose of removal, when Plaintiffs' request for actual damages are considered in conjunction with the potential for civil penalties and punitive

1  damages, plus the recovery of attorneys' fees, more than $5 million is in
2  controversy.

3      36.    In sum, Ocwen has more than established that the amount-in-
4  controversy requirement under CAFA is satisfied pursuant to 28 U.S.C. §§
5  1332(d)(2) & 1332(d)(6).

6  **D.   None of the Exceptions to CAFA Apply to this Action**.

7      37.    CAFA contains a number of exceptions which, where applicable,
8  prevent the Court from exercising jurisdiction over a class action, even where that
9  class action meets CAFA's threshold requirements for triggering diversity
10 jurisdiction.  None of these exceptions apply to the present case.

11     38.    Under CAFA's "Local Controversy Exception," an action is not
12 removable if (1) more than two-thirds of the class are citizens of the state in which
13 the action was filed; (2) at least one defendant whose conduct forms a significant
14 basis of the claims is a citizen of the state in which the action was filed; (3) the
15 principal injuries occurred in the state where the action was filed; and (4) no class
16 action has been filed alleging the same claims against any of the defendants in the
17 last three years.  *See* 28 U.S.C. 1332(d)(4)(A).  This exception is not applicable
18 here because, at a minimum, Ocwen is not a citizen of California.

19     39.    Under CAFA's "Home State Exception," an action is not removable if
20 at least two-thirds of class members and all primary defendants are citizens of the
21 state in which the action was filed.  *See* 28 U.S.C. 1332(d)(4)(B). This exception is
22 not applicable here because Ocwen is not a citizen of California.

23     40.    Accordingly, the exceptions to CAFA do not apply to this action and
24 this court has diversity jurisdiction over this action because the amount in
25 controversy exceeds $5,000,000.00, exclusive of interest and cost, the putative class
26 includes 100 or more members, and there is at least one member of the putative
27 class that is a citizen of a state different from any defendant.

28 ///

## IV.    **Reservation Of Rights**

41.     Ocwen denies the allegations contained in Plaintiffs' Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

42.     Further, in making the allegations in this Notice of Removal, Ocwen does not concede in any way that the allegations in the Complaint are accurate, that Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Nor does Ocwen concede that Plaintiffs' class is defined properly or that class certification is appropriate, and Ocwen explicitly reserves the right to challenge the putative class at the appropriate time.

43.     Ocwen also reserves the right to amend or supplement this Notice of Removal.  And, in this regard, if any questions arise as to the propriety of the removal of this Action, Ocwen expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California and requests such other and further relief as the Court deems appropriate and just.


Dated:     April 29, 2015                    **TROUTMAN SANDERS LLP**


                                             By:/s/ *Jessica Lohr*
                                             Jessica R. Lohr
                                             Attorneys for Defendant
                                             OCWEN LOAN SERVICING, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the above and foregoing document has been served on April 29, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

*/s/ Jessica R. Lohr*
Jessica R. Lohr

TROUTMAN SANDERS LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

28206977

-12-

NOTICE OF REMOVAL OF CIVIL ACTION