# EXHIBIT "A"

Case 2:16-cv-03020-ODW-RAO Document 1-1 Filed 04/29/16 Page 1 of 14 Page ID #:13

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK MARES and JOANN MARES, individuals, on their own behalf and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 18 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**BY FAX**

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
111 N. Hill Street, Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
BC614358

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David C. Parisi, 212 Marine Street, Unit 100, Santa Monica, CA 90405; (818) 990-1299

DATE: SHERRI R. CARTER Clerk, by CRISTINA GRIJALVA , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]
MAR 18 2016

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Ocwen Loan Servicing, LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A

ORIGINAL

FILED
Superior Court of California
County of Los Angeles

MAR 18 2016

Sherri R. Carter, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiffs Frank Mares and Joann Mares, on their own behalf, and behalf of all others similarly situated*

D322 William F. Highberger

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANK MARES and JOANN MARES, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>Defendants. | No. **BC 614358**<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>1) **VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT (Civ. Code § 1785.19)**<br>2) **VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT (Civ. Code § 1785.25(a))**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiffs Frank Mares and Joann Mares ("Mareses" or "Plaintiffs"), make this complaint against Defendant Ocwen Loan Servicing, LLC ("Ocwen"), and Does 1 to 100 (collectively "Defendants"). Plaintiffs' allegations as to their own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

### Mareses' Individual Allegations

1. This class action arises from Defendants' acquisition of consumers' credit reports, despite the absence of any credit or business relationship that would justify this invasion of

Class Action Complaint 1

1 privacy.

2. On March 6, 2008, Plaintiffs filed for bankruptcy and on June 26, 2008, the United States Bankruptcy Court for the Central District of California entered an order discharging Mares from the debt that was secured by the mortgage on their personal residence. *See In re Mares*, (C.D. Cal. Bank., June 26, 2008, No. 6:08-bk-12374-MJ.) The schedules for Plaintiffs' bankruptcy petition included the debt to the mortgagees which was secured by the mortgage on their residence. While Plaintiffs retained the security for the debt (i.e., their residence) and continued to voluntarily make payments on their mortgage after the entry of the discharge, the discharge foreclosed the mortgagees from collecting any debt on the mortgage from Plaintiffs.

3. In or about March 2013, Ocwen began servicing a mortgage which secured the debt on Plaintiffs' residence. Notwithstanding Plaintiffs' discharge, Ocwen continued to obtain Plaintiffs' credit reports on dates including late April 2014. This conduct violates the Consumer Credit Reporting Agencies Act ("CCRAA") (Civ. Code, §§ 1785.1-1785.36). Under the CCRAA, the only conceivable permissible purposes Ocwen might assert for acquiring Plaintiffs' credit report are:

> [to] use the information in connection with a credit transaction . . . involving the consumer as to whom the information is to be furnished and involving the . . . review or collection of an account of, the consumer . . . [or]
>
> [if Owen o]therwise ha[d] a legitimate business need for the information in connection with a business transaction involving the consumer.

(Civ. Code, § 1785.11, subd. (a)(3)(A), (F).) The CCRAA prohibits "knowingly and willfully obtain[ing] access" or "data from" information about a consumer that credit reporting agencies maintain, "other than as provided in Section 1785.11." (Civ. Code, § 1785.19, subd. (a)(1), (2).)

4. Ocwen's acquisition of Plaintiffs' credit reports does not fall under any of these permissible purposes. The Supreme Court has described "the nature of the mortgage interest that survives a Chapter 7 liquidation." *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991).

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to

Class Action Complaint         2

establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. *See* 3 R. Powell, The Law of Real Property ¶ 467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *See* 11 U.S.C. § 727. However, such a discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). [The Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. *See* 11 U.S.C. § 522(c)(2) . . .

*Id.* at 82-83. Because Plaintiffs' debt under the mortgage had been discharged, Ocwen could not collect the mortgage account from Plaintiffs without violating the discharge. Its remedy was to foreclose on the residence if Plaintiffs did not make their mortgage payments. Likewise, Ocwen did not need Plaintiffs' credit report to review Plaintiffs' account; Ocwen had all the payment information it needed to determine whether to foreclose on the mortgaged property, and the discharge rendered Plaintiffs' creditworthiness irrelevant. Ocwen could not recover any debt on the mortgage from Plaintiffs in any event. For the same reason, Ocwen did not have any other legitimate need to review Plaintiffs' credit report. Put another way, there is no legitimate action which Ocwen could take with respect to the debt discharged in Plaintiffs' bankruptcy that would depend or be affected in any way by the information Ocwen obtained in Plaintiffs' credit reports.

5. Plaintiffs allege a class of all persons who reside in California at the time of this complaint whose debt on a mortgage serviced by Ocwen was discharged in bankruptcy, and where Ocwen acquired their credit report in connection with such mortgage after the entry of the discharge. Under the CCRAA, consumers may bring "action[s] for a civil penalty, not to exceed two thousand five hundred dollars ($2,500)," for violations of CCRAA section 1785.19, and as well as "costs, and reasonable attorney fees." (Civ. Code, § 1785.19, subd. (a), (b).) On their own behalf and on behalf of such class, Plaintiffs seek a civil penalty for every violation of Civil Code section 1785.19(a), costs and reasonably attorneys' fees under Civil Code section 1785.19(b), and injunctive relief under Civil Code section 1785.31(b).

**Parties**

6. Plaintiffs Frank Mares and Joann Mares are natural people residing in Riverside, California. They are a married couple. Plaintiffs bring this action on behalf of themselves and others similarly situated.

7. Defendant Ocwen Loan Servicing, LLC is a Delaware limited liability company

Class Action Complaint 3

which maintains offices at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. On information and belief, Ocwen has a branch office located at 2255 North Ontario Street, Suite 400, Burbank, California, 91504.

8. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sue such Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs.

9. Plaintiffs are informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

10. All Defendants, including Does 1 through 100, are collectively referred to as "Defendants" or "Ocwen." Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

### Jurisdiction and Venue

11. This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this court's jurisdictional minimum.

12. Venue in this County is proper under Code of Civil Procedure section 395,

Class Action Complaint 4

because Defendants do not reside in California under the meaning of the venue statutes. Defendants' principal places of business are outside the state of California.

13. All allegations in this complaint are based on information and belief and/or the documents and information currently available and in the hands of Plaintiffs' attorneys, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

14. To eliminate any possible ambiguity potentially created by any other allegation in this Complaint (such that this allegation shall control over each and every other allegation in this Complaint), the total amount in controversy in this case does not exceed $5 million.

## Class Certification Allegations

15. **Class Definition:** Plaintiffs seek to certify a class and brings this Complaint against Defendants, pursuant to Code of Civil Procedure section 382, on behalf of themselves and the following class ("Class"):

> All natural persons who are California citizens at the time this Complaint is filed (a) who owed a debt secured by a mortgage serviced by Ocwen, which debt Ocwen has reported as discharged in bankruptcy and which actually was discharged in bankruptcy; (b) whose consumer credit report Ocwen obtained after such discharge and within two (2) years of the date of this Complaint; and (c) Ocwen only serviced a debt or mortgage that was included in such discharge.

Excluded from the Class are Defendants, any of the Defendants' current or former agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the Class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiffs reserve the right to revise the definition of the Class based on facts learned during discovery. Plaintiffs are members of the Class that they seek to represent.

16. **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Plaintiffs at this time, but such information is readily ascertainable by Defendants. On information and belief, Plaintiffs assert that individual joinder of all members of the Class is likely to be impracticable. Plaintiffs expressly do not allege at this time, however, that the number of Class members necessarily equals or exceeds 100.

17. **Class Commonality:** Common questions of fact and law exist as to all members

of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to that individual.

18. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs are not different in any relevant way from any other member of the Class, and the relief they seek is common to the Class.

19. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class: their interests do not conflict with their interests. Plaintiffs have retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

20. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for members of Class individually obtain effective relief from Defendant's misconduct. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

21. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and

affect members of the Class uniformly, and Plaintiffs' challenge to these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiffs.

22. **Injunctive Relief is Appropriate:** Based on information and belief, Defendants continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiffs and members of the Class for which they have no adequate remedy at law.

### Class Allegations

23. On information and belief, Ocwen has a policy and practice of routinely obtaining credit reports on consumer mortgagors and/or former consumer mortgagors without distinction for whether the debt secured by such mortgage has been discharged in bankruptcy. Ocwen is a very large mortgage servicer and services tens or hundreds of thousands of mortgages in California. Mares estimates there are roughly around 75,000 bankruptcy petitions filed every year in California, more or less. Hence, there is a large population of potential Class members (although Mares does not allege any particular number of *actual* Class members.)

24. Ocwen does not have any permissible purpose to obtain Class members' consumer credit reports. Ocwen knows it obtains its mortgagee's credit reports, and does so willingly and volitionally. Ocwen thereby violates Civil Code section 1785.19 as to each Class member.

25. The Class members' bankruptcy discharge terminated any permissible purpose Ocwen had to acquire their credit reports. A creditor's permissible purpose has to have some causal link to the creditor's legitimate exercise of its rights. If it were otherwise, Defendants could perpetually and indefinitely claim a "permissible purpose" to access the Class members' credit reports—long after any right connected to the Class members' mortgage had been extinguished. This would effectively gut the privacy interests which the CCRAA protects. (Cf. Civ. Code, § 1785.1, subd. (c) ["The Legislature finds and declares . . . [t]here is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with . . . a respect for the consumer's right to privacy"].)

### FIRST CAUSE OF ACTION:
### Violation of Civil Code Section 1785.19 Against All Defendants by Plaintiffs Individually and on Behalf of the Class

26. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

27. Plaintiffs and the other Class members are natural individuals, and therefore "consumers" under the CCRAA. (Civ. Code, § 1785.3, subd. (b).)

28. The CCRAA defines a "consumer credit reporting agency" as "any person who, for monetary fees . . . regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties." (Civ. Code, § 1785.3, subd. (d).) TransUnion, Experian, and Equifax are all consumer credit reporting agencies under the CCRAA.

29. Ocwen has obtained the Class member's consumer credit reports or other information from TransUnion, Experian, and/or Equifax, as that term is defined under the CCRAA. (Civ. Code, § 1785.3, subd. (c).) Ocwen does not have any permissible purpose to obtain Class members' consumer credit reports under Civil Code section 1785.11. Under Civil Code section 1785.11, the only conceivable permissible purposes Ocwen might assert for acquiring Mares's credit report are:

> [to] use the information in connection with a credit transaction . . . involving the consumer as to whom the information is to be furnished and involving the . . . review or collection of an account of, the consumer . . . [or]
>
> [where Ocwen o]therwise ha[d] a legitimate business need for the information in connection with a business transaction involving the consumer.

(Civ. Code, § 1785.11, subd. (a)(3)(A), (F).) Ocwen's acquisition of the Class members' credit reports does not fall under any of the foregoing permissible purposes. Because Plaintiffs' debt under the mortgage had been discharged, Ocwen could no longer collect any mortgage account against Class members without violating their discharge. Ocwen could only foreclose on the mortgaged properties. Likewise, Ocwen did not need Class members' credit report to review their accounts; Ocwen had all the payment information it needed to determine whether to foreclose on the property (or not), and the bankruptcy discharge rendered Class members'

Class Action Complaint        8

creditworthiness irrelevant. Ocwen could not recover any debt on the mortgage from Class members in any event. For the same reason, Ocwen did not have any other legitimate need to review Class members' credit reports. Put another way, there is no legitimate action which Ocwen could take with respect to the debt discharged in Class members' bankruptcies that would depend or be affected in any way by the information Ocwen obtained in Class members' credit reports.

30. The CCRAA provides that "a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against . . . [any] person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11" or "obtains data from a file other than as provided in Section 1785.11." (Civ. Code, § 1785.19, subd. (a)(1), (2).) Ocwen obtains the Class members' credit reports knowingly and volitionally. Ocwen thereby violated Civil Code section 1785.19 as to each Class member when it obtained their credit report.

31. Plaintiffs, on their own behalf and behalf of the other Class members, seek a civil penalty for every violation of Civil Code section 1785.19(a) alleged herein, costs and reasonably attorneys' fees under Civil Code section 1785.19(b), and injunctive relief under Civil Code section 1785.31(b).

**SECOND CAUSE OF ACTION:**
**Violation of Civil Code Section 1785.25(a) Against All Defendants by Plaintiffs**

32. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

33. Plaintiffs are natural individuals, and therefore "consumers" under the CCRAA. (Civ. Code, § 1785.3, subd. (b).) TransUnion, Experian, and Equifax are all consumer credit reporting agencies under the CCRAA. The CCRAA defines a "consumer credit reporting agency" as "any person who, for monetary fees . . . regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties." (Civ. Code, § 1785.3, subd. (d).)

Class Action Complaint                                   9

34. In early 2015, Ocwen furnished information to the credit reporting agencies that caused the credit reporting agencies to delete and remove any information about Plaintiffs' payments towards the mortgage on their residence which Ocwen serviced. Ocwen thereby violated Civil Code section 1785.25(a), which prohibits "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

35. Plaintiffs began to refinance their mortgage in May 2015. Since at least their bankruptcy discharge, Plaintiffs timely made all or essentially all of their mortgage payments and any information Ocwen furnished about these payments was generally or entirely positive for any creditor who might consider refinancing Plaintiffs' mortgage. (Plaintiffs made late mortgage payments for approximately 3 months in early January 2010, when they sought and obtained an adjustment to their mortgage under the Home Affordable Modification Program.) To Plaintiffs' knowledge, Ocwen has never initiated any foreclosure proceedings against Plaintiffs' residence. Ocwen's deletion of information about the payments Plaintiffs made on their mortgage caused Plaintiffs to refinance their mortgage at an higher cost than they would have obtained if Ocwen had accurately and completely reported information about Plaintiffs' payments. In August 2016, Plaintiffs disputed Ocwen's deletion of this information with, e.g., Experian. On information and belief, Experian informed Ocwen of this dispute and triggered Ocwen's obligation to investigate, but Ocwen has since failed to correct its deletion of this information.

36. Plaintiffs, on their own behalf and behalf of the other Class members, seek actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering, punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation, costs and reasonably attorneys' fees, and injunctive relief under Civil Code section 1785.31(b).

WHEREFORE, Plaintiffs Frank Mares and Joann Mares pray that the Court enter judgment and orders in their favor and against Defendant Ocwen Loan Servicing, LLC and Does 1 to 100 as follows:

a. An order certifying the Class, directing that this case proceed as a class action,

and appointing Plaintiffs and their counsel to represent the Class;

b. Judgment for damages against Defendants, and in favor of Plaintiffs and the other Class members in an amount proven at trial but "not to exceed two thousand five hundred dollars ($2,500)" per violation of Civil Code section 1785.19 committed by the Defendants;

c. Judgment for restitution against Defendants, and in favor of Plaintiffs and the other Class members in an amount proven at trial;

d. Injunctive and equitable relief, including injunctions enjoining further violations of Civil Code section 1785.19 under Civil Code section 1785.31(b);

e. An order awarding costs reasonable attorney's fees under Civil Code section Civil Code section 1785.19(b);

f. Judgment for damages against Defendants, and in favor of Plaintiffs in an amount proven at trial for actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering, and punitive damages, costs and reasonably attorneys' fees, and injunctive relief under Civil Code section 1785.31(b) for Defendants' violation of Civil Code section 1785.25(a);

g. Such other and further relief as this Court may deem appropriate.

Dated: March 18, 2016     By: _____
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiffs Frank Mares and Joann Mares, on their own behalf, and behalf of all others similarly situated*

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: March 18, 2016

By: _____
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiffs Frank Mares and Joann Mares, on their own behalf, and behalf of all others similarly situated*

Jury Demand