# EXHIBIT "B"

**TROUTMAN SANDERS LLP**
Jessica R. Lohr, Bar No. 302348
Jessica.lohr@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858-509-6000
Facsimile: 858-509-6040

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARES and JOANN MARES, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. BC614358<br><br>**DECLARATION OF KEVIN FLANNIGAN IN SUPPORT OF OCWEN LOAN SERVICING LLC's NOTICE OF REMOVAL**<br><br>**(28 U.S.C. §§ 1332, 1441, 1446 & 1453)**<br><br>**(LOS ANGELES SUPERIOR COURT CASE NO. BC614358)** |

I, Kevin Flannigan, hereby declare as follows:

1. I am a Senior Loan Analyst at Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC ("Ocwen"). I have held this position since June 2014, and I have been employed by Ocwen Financial Corporation since September 2011. In the regular performance of my job functions, I am familiar with the books, records, and documents maintained by Ocwen for the purpose of servicing mortgage loans (the "business records"). The business records are kept and maintained by Ocwen in the regular course of its business and are made at or near the time of the events appearing therein, or from information transmitted by persons with knowledge of those matters. It is part of the regular

course of business for Ocwen to make such records. I have personal knowledge of the matters herein or have acquired such knowledge by personally examining the business records kept by Ocwen, and if called upon to testify, I could and would testify thereto.

3. Ocwen is a limited liability company organized under the laws of Delaware. Ocwen has a principal place of business and is headquartered at 1661 Worthington Road, West Palm Beach, Florida 33409.

4. I understand that Plaintiffs assert that Ocwen violated the California Consumer Credit Reporting Agencies Act (the "CCRAA"), Cal. Civ. Code §§ 1785.19, with respect to a putative class of California borrowers whose debt on a mortgage serviced by Ocwen was discharged in bankruptcy, and where Ocwen acquired their credit report in connection with such a mortgage after the entry of the discharge. (Complaint at ¶ 5.) Among other relief, I understand Plaintiffs seek a civil penalty for each alleged violation of the CCRAA and reasonable attorneys' fees and costs.

5. I understand that Plaintiffs also seek to represent a class of people that includes "All natural persons who are California citizens at the time this Complaint is filed (a) who owed a debt secured by a mortgage serviced by Ocwen, which debt Ocwen has reported as discharged in bankruptcy and which actually was discharged in bankruptcy; (b) whose consumer credit report Ocwen obtained after such discharge and within two (2) years of the date of this Complaint; and (c) Ocwen only serviced a debt or mortgage that was included in such discharge." (*Id.* at ¶ 15.)

6. According to Ocwen's business records for the time period from March 18, 2014, through March 18, 2016, there are over 2,500 mortgage loans in California that Ocwen serviced, involving more than 1000 different borrowers who, according to Ocwen's business records, are located in and citizens of California, which mortgage loans Ocwen has reported as discharged in bankruptcy, which

actually were discharged in bankruptcy, whose consumer credit report Ocwen obtained after such discharge and within two (2) years of the date of this Complaint, and where Ocwen only serviced a debt or mortgage that was included in such discharge. On each of these 2,500 mortgage loans, there is at least one instance where a consumer credit report was obtained by Ocwen after a borrower received his or her discharge.

7. I understand the maximum civil penalty under the CCRAA is $2,500 and Plaintiffs, individually and on behalf of the proposed class of people, seek to recover this amount for every violation of Cal. Civ. Code §§ 1785.19. Based on the 2,500 instances that I identified, if computed at the maximum penalty of $2,500 each, the amount in controversy for civil penalties is $6,250,000.

8. Ocwen vigorously disputes that Plaintiffs or other individuals in California have been damaged or have any claim under the CCRAA against Ocwen. However, based on the amounts that Plaintiffs claims they are entitled to recover and the class they seek to have certified, the amount in controversy is in excess of $5,000,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my information and belief.

Executed this 29th day of April 2016 at Houston, Texas.

_____
Kevin Flannigan, Senior Loan Analyst