David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Frank and Joann Mares, on their own behalf, and behalf of all others similarly situated*

FILED
CLERK, U.S. DISTRICT COURT

07/26/16

CENTRAL DISTRICT OF CALIFORNIA
BY: _____GR_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR

## CENTRAL DISTRICT OF CALIFORNIA

FRANK MARES and JOANN MARES, individuals, on their own behalf and on behalf of all others similarly situated,

          Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC, a Delaware limited liability companies, and DOES 1-100, inclusive,

          Defendants.

No. 2:16-cv-03020-ODW-RAO

Honorable Otis D. Wright II
Honorable Rozella A. Oliver

**STIPULATED PROTECTIVE ORDER**

# 1. INTRODUCTION

## A. <u>PURPOSES AND LIMITATIONS</u>

In order to facilitate discovery in this action, Plaintiffs Frank and Joann Mares (the "Mareses" or "Plaintiffs") and Defendant Ocwen Loan Servicing, LLC No. 2:16-cv-03020-ODW-RAO ("Ocwen" or "Defendant") recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Plaintiff and Defendant (the "litigation"), the parties may be required to disclose trade secrets and other confidential information, research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The Parties, through counsel, have stipulated to the entry of the following proposed Stipulated Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information and materials. The Parties jointly move the Court to enter this proposed Order. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties to this stipulation seek to moot any potential dispute about the production of such information in the most efficient way possible and recognize that the Order may be necessary for the efficient conduct of this action in any event.

Accordingly, the parties to this stipulation hereby stipulate to and petition the Court to enter the following Order. The parties to this stipulation acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties to this stipulation further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied

1   when a Party seeks permission from the court to file material under seal. The

2   proposed Order contemplates that, to the extent other non-parties wish to seek the

3   protections of this Order, they may simply file a signed assent to Order.

4       **B.**    **GOOD CAUSE STATEMENT**

5       This action is likely to involve trade secrets, and other commercial,

6   financial, technical and/or proprietary information, as well as private information

7   about consumers who are not parties to the action or who are alleged to be class

8   members, for which special protection from public disclosure and from use for any

9   purpose other than prosecution of this action is warranted. Such confidential and

10  private information consists of, among other things, confidential business or

11  financial information, information regarding confidential business practices, or

12  other confidential research, development, or commercial information, as well as

13  information implicating privacy rights of third parties, personal identity

14  information (such as dates of birth and social security numbers), information

15  otherwise generally unavailable to the public, or which may be privileged or

16  otherwise protected from disclosure under state or federal statutes, court rules, case

17  decisions, or common law, and information and documents that a Party, in good

18  faith, believes constitutes, contains, or refers to proprietary technology or

19  information owned or developed by the producing Party, and that, if disclosed to

20  customers or competitors, would tend to damage the Party's competitive position.

21  The kinds of information that will qualify a document for designation as

22  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" includes

23  information prohibited from disclosure by statute, information that reveals trade

24  secrets, research, technical, commercial or financial information that the party has

25  maintained as confidential, and that, if disclosed to customers or competitors,

26  would tend to damage the party's competitive position, and personnel or

27  employment records of a person who is not a party to the case. Accordingly, to

28  moot objections based on the contentions or facts above, to expedite the flow of

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential and/or private, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, summary judgment, class certification, or other motion practice, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

**2.1    Action**: This case, captioned *Mares v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-03020-ODW-RAO, pending before the Court.

**2.2    Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3    "CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) , and as specified above in the Good Cause Statement.

**2.4    Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5    Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

*///*

*///*

**2.6** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8** **House Counsel**: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10** **Outside Counsel of Record**: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**2.11** **Party**: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12** **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13** **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14** **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the producing Party (including non-parties).

**2.15** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Material. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

4.1 Nothing in this Order shall be construed to affect the use of any document, material, or information at any deposition, trial or hearing. A Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

4.2 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

**5.1   Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2   Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or paginated electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as the "CONFIDENTIAL" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). (However, the Producing Party may comply with section 5.2(c) for electronic documents, in the alternative.)

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     A Party wishing to designate portions of a deposition transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order must, within fifteen (15) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The Designating Party may designate those portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," in accordance with paragraph 3 of this Order. The Designating Party shall designate such Protected Material either on the record or by serving upon all counsel of record via facsimile

or other electronic transmission a Notice setting forth the page, line numbers and designation. The Party shall not designate improperly broad portions of the deposition(s), or the entire transcript and instead must do so by page and line number. The Designating Party must serve such Notice within thirty (30) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as Protected Material until the expiration of the 30 day period described in this paragraph. Any portions of a transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall thereafter be treated as Protected Material in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

(c)     for information produced in some form other than documentary and for any other tangible items, or for electronic documents which are produced in a format that is not paginated (i.e., databases and spreadsheets) or electronic documents which are produced in format where affixing the "CONFIDENTIAL" legend to each page would or might require alteration of the document or production in a format other than the one requested under Rule 34(b)(1)(C), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend," or include the "CONFIDENTIAL" legend in the directory names in which electronic documents may be produced. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3     Inadvertent Failures to Designate**. An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document. If a Party designates a document as Protected Material after it was initially produced, the receiving Party, on notification of the

designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Material.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1   Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2   Meet and Confer**. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party after serving the letter requesting to meet and confer required under Local Rule 37-1. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within ten days after the moving Party serves a letter requesting such conference.  If counsel are unable to settle their differences, they shall formulate a joint stipulation pursuant to Local Rule 37-2.1, unless otherwise ordered by the Court.

**6.3   Judicial Intervention.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation unless and until the Court rejects that designation.

## 7.   ACCESS TO AND USE OFPROTECTED MATERIAL

**7.1   <u>Basic Principles</u>**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph 7.2 for any purpose whatsoever other than in this litigation, including any appeal thereof. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>**.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A);

      (d)    The court and its personnel;

      (e)    Court reporters and recorders, and their staff;

      (f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be destroyed once the time for review and signature has expired.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

      (i)    Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

///

///

### 7.3 Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY to any third person or entity except as set forth in subparagraphs (a)-(h). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The Court and its personnel;

(c) Court reporters and recorders, and their staff;

(d) Professional Vendors to whom disclosure is reasonably necessary for this Action, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, which shall be destroyed and once the time for review and signature has expired. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process

set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)   Author or recipient.  The author or recipient of the document (not including any person who received the document in the course of their ordinary business); and

(h)   Others by Consent.  Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**7.5   Control of Documents.**

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8.   PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)   Promptly, and in no event more than three court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The purpose of imposing these duties is to alert the interested persons to the existence

of this Order and to afford the PartyDesignating Party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the receiving Party has in its possession, custody or control Protected Material by the Designating Party to this case.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY ." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

///

(2)     Promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify such person immediately to the Designating Party, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     INADVERTENT     PRODUCTION     OF     PRIVILEGED     OR     OTHERWISE PROTECTED MATERIAL

Except in the event that the requesting Party disputes the claim, any documents the Producing Party deems to have been inadvertently disclosed and to be subject to a claim of privilege or other protection shall be, upon written request,

promptly returned to the Producing Party, or destroyed, at that PartyParty's option. If the claim is disputed, a single copy of the materials may be retained by the Receiving Parties for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**12.   MISCELLANEOUS**

**12.1   <u>Order Subject to Modification</u>.**   This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter. No stipulation by the parties to modify the Order shall have the force or effect of a Court order unless the Court approves the modification.

**12.2   <u>Right to Assert Other Objections</u>.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3   <u>Filing Protected Material</u>.** Protected Material may only be filed with the Court consistent with L.R. 79-5. Nothing in this Order shall be constructed to supersede, alter, abrogate, or alter the requirements or provisions of L.R. 79-5. In particular, nothing in this Order shall be construed as authorizing any Party to file any Protected Material (or any other document) under seal without an order from the Court (under L.R. 79-5 or otherwise).

Material attached to a Party's application under Local Rule 79-5 shall be deemed timely filed with respect to any substantive deadline that applies to such material when the Party files its application under L.R. 79-5 prior to such deadline.

///

**12.4   No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.   Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**12.5   Court Retention of Jurisdiction to Ensure Compliance**.  The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any Party may apply to the Court at any time for an amendment, modification, or addition to this Order.  This Order shall survive the final disposition of this litigation, by judgment, dismissal, settlement, or otherwise.

**12.6   Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

## 13.   FINAL DISPOSITION

**13.1   Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**13.2   Obligations at Conclusion of Litigation**. After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall continue to be protected under, and remain subject to, this Protective Order.

**13.3   Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**14.   ENFORCEMENT OF THIS ORDER**.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*[Remainder of Page Intentionally Left Blank]*

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 25, 2016            By: ___/s/ David Parisi_____
                                      David C. Parisi (162248)
                                      Suzanne Havens Beckman (188814)
                                      PARISI & HAVENS LLP
                                      212 Marine Street Suite 100
                                      Santa Monica, California 90405
                                      (818) 990-1299 (telephone)
                                      (818) 501-7852 (facsimile)
                                      dcparisi@parisihavens.com
                                      shavens@parisihavens.com

                                      Ethan Preston (263295)
                                      PRESTON LAW OFFICES
                                      4054 McKinney Avenue, Suite 310
                                      Dallas, Texas 75204
                                      (972) 564-8340 (telephone)
                                      (866) 509-1197 (facsimile)
                                      ep@eplaw.us

                                      *Attorneys for Plaintiffs Frank and Joann
                                      Mares, on their own behalf, and behalf of all
                                      others similarly situated*

Dated: July 25, 2016            By: ___/s/ Jessica Lohr_____
                                      Jessica R. Lohr, (302348)
                                      TROUTMAN SANDERS LLP
                                      11682 El Camino Real, Suite 400
                                      San Diego, California 92130-2092
                                      (858) 509-6000 (telephone)
                                      (858) 509-6040 (facsimile)
                                      Jessica.lohr@troutmansanders.com

                                      John C. Lynch (admitted *Pro Hac Vice*)
                                      Ethan G. Ostroff (admitted *Pro Hac Vice*)
                                      TROUTMAN SANDERS LLP
                                      222 Central Park Avenue Suite 2000
                                      Virginia Beach, Virginia 23462
                                      (757) 687-7541 (telephone)
                                      (757) 687-1541 (facsimile)
                                      john.lynch@troutmansanders.com
                                      ethan.ostroff@troutmansanders.com

                                      *Attorneys for Defendant Ocwen Loan
                                      Servicing, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: July 26, 2016            By: ___Rozella a. Oli_____
                                      Honorable Rozella A. Oliver
                                      United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

_____ [date] in the case of *Mares v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-

03020-ODW-RAO. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment for contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Protective Order to any person or entity except in strict compliance

with this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing this Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.


Dated: _____

City and State where sworn and signed: _____


_____

(Signature)


_____

(Printed Name)